UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| EDWARD P. KINER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:11-cv-171-WTL-DKL |
| | ) | |
| SUPERINTENDENT, Putnamville | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Edward P. Kiner for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

### I. Nature of the Case

Kiner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

### II. Parties

Kiner is confined at a state prison in Indiana. The respondent is Kiner's custodian, sued in his official capacity as a representative of the State of Indiana.

### III. Procedural Background and Facts of the Offense

Kiner was convicted of drug and related offenses in Vermillion Conty, Indiana. His conviction was affirmed on direct appeal in *Kiner v. State,* No. 83A01-0508-CR-00392 (Ind.Ct.App. Aug. 18, 2006). Kiner's appeal from the trial court's denial of his petition for post-conviction relief was docketed as No. 83A01-0906-PC-00298 and was dismissed with prejudice by the Indiana Court of Appeals on June 1, 2010, based on Kiner's failure to prosecute. His failure to prosecute the appeal in No. No. 83A01-0906-

PC-00298 was based on his failure to timely file a brief in connection with that appeal. The Indiana Supreme Court denied Kiner's petition for transfer on February 24, 2011. The filing of this action followed. The record has been appropriately expanded.

The facts on which Kiner was convicted are not challenged in this proceeding. As recited by the Indiana Court of Appeals in Kiner's direct appeal, the facts are these: A search of Kiner's trailer revealed the presence of many items associated with the manufacture of methamphetamine. A person living with Kiner testified that Kiner manufactured methamphetamine. The trailer was used to both manufacture methamphetamine and as a station from which methamphetamine was sold.

### IV. Kiner's Claims

Kiner's claim in his direct appeal was a challenge to the sufficiency of the evidence. That claim was rejected.

Kiner's claims in his action for post-conviction relief were that he was denied the effective assistance of counsel at trial and in his direct appeal. These claims were rejected by the trial court and were not addressed on appeal because the appeal was dismissed.

In the present action, Kiner presents the same claims that were presented in his action for post-conviction relief.

### V. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). "[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries-whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992).

"[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *see also Sturgeon v. Chandler*, 552 F.3d 604, 610 (7th Cir. 2009). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the

habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied*, 508 U.S. 962 (1993). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage,*'*); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

## VI. Analysis

Kiner committed procedural default with respect to the claims in his habeas petition. Specifically, these were claims asserted in Kiner's petition for post-conviction relief, which is the action he did not properly appeal in the Indiana state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary.").

Kiner acknowledges his procedural default. He has replied that as he was planning an appeal in the post-conviction relief action, and having obtained multiple extensions of time in which to proceed with that appeal, he encountered misfortune at the eleventh hour. This was due to an inmate-helper being transferred and to his limited access to the prison law library. The collapse of his post-conviction appeal followed, but these circumstances do not constitute "cause." Kiner's requests for four extensions of time demonstrates that he was hardly diligent in his efforts to file his post-conviction appeal. These circumstances are hardly out of the ordinary for prisoners seeking legal remedies. Additionally, Kiner has not attempted to show any accompanying prejudice in the sense contemplated by the rule described above. His procedural default is unexcused.

## VII. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier Kiner faces here and he has failed to overcome that barrier. His habeas petition must therefore be denied.

Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Kiner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 09/29/2011

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana